Hillsborough,
Dec. 3, 1946. } No. 3614.

ARLENE D. BEAUDIN, *Adm' of the estate of* OSCAR L. BEAUDIN

*v.*

CONTINENTAL BAKING COMPANY AND DAMON W. HALL.

CONTINENTAL BAKING COMPANY

*v.*

ARLENE D. BEAUDIN, *Adm'x of the estate of* OSCAR L. BEAUDIN.

*Albert Terrien* (by brief and orally), for the plaintiff Beaudin, administratrix.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Wyman* orally), for the defendants Continental Baking Company and Damon W. Hall.

BRANCH, J. In support of their argument that the verdict should be directed in their favor, the defendants seek to establish two propositions: 1, The conduct of the plaintiff's decedent in driving on the wrong side of the highway in the face of an oncoming vehicle constituted negligence as a matter of law; 2, The situation in which defendant's driver, Hall, found himself in consequence of the decedent's driving on the wrong side of the road constituted an emergency in which he had no opportunity for deliberate action and hence cannot be charged with negligence.

I. The collision between the truck operated by Hall and the sedan

operated by Beaudin occurred on a comparatively straight and level section of the state highway leading from Wilton to Milford. The visibility for each driver was unimpaired for many hundreds of feet in either direction. As the Trial Court told the jury: "There is no question but that just before the collision of the two vehicles Mr. Beaudin was on his left side of the highway and crossed or attempted to cross to his right." It is the claim of the defendants that this conduct "constituted negligence as a matter of law" which we understand to mean constituted contributory illegality.

The statutory law of the road (R. L., c. 106, s. 1) provides as follows: "MEETING ANOTHER. If a person traveling on a highway with a vehicle meets another person so traveling in the opposite direction, he shall seasonably turn to the right of the center of the traveled part of the road, so that each may pass the other without interference." It is, therefore, plain that the defendants' claim that Beaudin was guilty of illegal conduct as a matter of law depends, not upon whether he was on the wrong side of the road before the accident, but upon whether he seasonably turned to the right so as to allow the other car to pass without interference. This specific question was submitted to the jury by the Trial Court as follows: "On whether . . . Mr. Beaudin returned or attempted to return to the proper or his right side of the road seasonably within the meaning of the statute is for you to decide. If he did not, his estate cannot recover any damages in its case and your verdict must be for the defendant." The defendants argue that the happening of the accident refutes any possible claim that Beaudin turned seasonably to the right. This is not a necessary conclusion. The accident happened when the truck was admittedly in the left hand lane and a turn which might have been seasonable to avoid a collision with the truck if it had kept to its own side of the road was utterly useless to avoid the danger which actually developed. The statute did not require the plaintiff to turn to the right for the purpose of avoiding a collision with an approaching vehicle which turned to its left. The conflicting evidence as to the position of the two vehicles when the decedent made his turn to the right obviously created a question for the jury as to whether or not his turn was seasonable. Defendants' first contention must, therefore, be overruled.

II. The second contention is that the defendant Hall cannot be charged with negligence because he acted in an emergency created by the decedent. This issue was also submitted to the jury by the Trial Court as follows: "If Mr. Hall was faced with an emergency, as he claims, and that emergency was not brought about by his own care-

lessness, the fact that there was a way open to him which he might have taken safely, that is, turn to the right into the yard, but he took a course of action which was not safe does not necessarily mean that he was to blame." We think that this issue, like that of contributory negligence, was properly for the jury. Hall claimed that Beaudin turned left when he was approximately 150 feet away and that he, (Hall) turned to his left toward and across the center of the highway to give Beaudin ample room. It was not a compelled conclusion, however, that Hall acted thus under the stress of an emergency. There was evidence from which it might be found that Beaudin did not turn left at the point described by Hall but that he had been on the left side of the road for as much as 600 feet before he made his turn to the right. If this evidence were believed, in view of the excellent conditions of visibility, Beaudin's position should have been evident to Hall long before he reached the 150 foot point above mentioned, which would give him an appreciable length of time in which to decide how to meet the situation created by Beaudin's approach on the wrong side of the road. His turn to the left was certainly not required by any of the surrounding circumstances, as indicated by the portion of the charge above quoted, and not being justified as an instinctive action in an emergency, might properly be found by the jury to be negligent.

The defendants also call attention to six points in regard to which it is claimed that the Court fell into error.

1. The witness Mayo was called as an expert by the plaintiff for the purpose of testifying as to the probable course of the rear of a car which received a blow on the left front corner. The defendants now argue as follows: "We submit that the question and answer were speculative, not consistent with the evidence in the case, and involved facts assumed by the witness and not in the question itself." The record indicates that the only specific objection to the question as framed by plaintiff's counsel arose from the fact that the witness persisted in referring to the collision as a head-on collision, whereas the cars came together at a more or less acute angle. The controversy was carefully handled by the Presiding Justice and the witness was instructed to "give an opinion based on the question, not on what you know or think happened." The answer was, "If it was hit on the left corner it would pivot on the left rear wheel." We are unable to discover any error in this ruling.

2. The defendant seasonably requested the Court to charge the jury as follows:

"6. If the violation of the above statute by Oscar Beaudin contributed to cause this accident, the statute further provides that he (his estate) 'shall be liable for the damages occasioned thereby.' "

The substance of this request was included in the charge and the defendant therefore takes nothing by its denial in the precise form requested.

3. Defendants argue that "the jury should have been told that the plaintiff was not entitled to rely on the emergency doctrine when the emergency was of his own creation," in accordance with its request number 10. The request in question reads as follows: "10. The Beaudin estate is not entitled to rely upon the emergency doctrine since the emergency which existed was of Oscar Beaudin's creation." The Trial Court was thus asked to make a finding of fact in regard to the creation of the alleged emergency, and the request as presented was properly denied. Since the plaintiff did not attempt to justify the conduct of the deceased upon the emergency doctrine, the Court was not called upon to frame a proper charge upon the subject, although in dealing with the emergency doctrine as applied to the defendant Hall the Court correctly qualified it by stating the requirement that "the emergency was not brought about by his own carelessness." This exception is overruled.

4. In its eleventh request the defendants enumerated four factors which, it was claimed, should be considered in passing upon the question of Beaudin's negligence and now argue as follows: "The jury should have been instructed as to the details to be considered in passing upon the matter of plaintiff's negligence." In *Colby* v. *Lee*, 83 N. H. 303, 310, the rule upon this point was stated as follows: "The extent to which rules of law shall be given specific application to the claims of the parties and the facts disclosed by the evidence in a given case must be left to the sound discretion of the Trial Court, providing the jury is fully and correctly instructed." This rule requires the overruling of the present exception.

5. Defendants' twelfth request reads as follows: "12. The law of the road statute did not impose any statutory obligation on Damon Hall to turn to his right into the Williams and Hussey land in order to avoid collision with an automobile approaching from the West on the northerly side of the traveled portion of the highway." Defendants now argue as follows: "Certainly the law of the road statute cannot apply to one already on his own side of the road who sees another car approaching in his lane." The short answer to this argument is that no such claim was made by anybody at the trial and the Trial Court

was, therefore, under no obligation to deal with the matter in his charge.

6. The defendants finally argue as follows: "Defendant's further exceptions were well taken to the charge insofar as it permitted the jury to find (a) that Hall was guilty of any violation of the statute, and (b) that Beaudin's being on his left was not a violation of the statute." In view of the foregoing discussion it is plain that the defendants can take nothing by these exceptions.

*Judgment on the verdicts.*

All concurred.